UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 15-38 |
| JAMES RUDOLPH WILLIAMS<br>    a/k/a "Greedy" | SECTION "L" |

## ORDER & REASONS

Pending before the Court is petitioner James Rudolph Williams' Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), R. Doc. 246. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

**I.   BACKGROUND**

This case arises out of Defendant's conviction of Conspiracy to Distribute and Possess with Intent to Distribute a Quantity of Cocaine Hydrochloride in September 26, 2017. R. Doc. 248 at 1. On February 11, 2015, Mr. Williams was a passenger in a rental vehicle driven by a co-defendant while traveling on Interstate-12 in Tangipahoa Parish, when the vehicle was stopped by a Louisiana State Trooper. *See* R. Doc. 151-1 at 2. During the traffic stop, the State Trooper asked the co-defendant if he had anything illegal in his vehicle and whether he would consent to a search of the vehicle. *See* R. Doc. 151-1 at 6. He replied "No" to both questions. *See id.* A canine conducted a free-air sniff of co-defendant's truck and alerted the State Troopers of the presence of narcotics in the truck. *Id.* Upon search of the truck, the State Troopers found a suitcase containing $47,990.00 in cash and seven kilograms of cocaine, and Mr. Williams and co-defendant were arrested. *Id.*

Mr. Williams and co-defendants were indicted on two counts of conspiracy to distribute and possession of five (5) or more kilograms of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, as well as 18 U.S.C. § 2. *Id.* at 1-2. On September 26, 2017, following a plea deal, Mr. Williams pleaded guilty to count one of the Superseding Bill of Information, and the Court dismissed Counts 1 and 2 of the original Indictment. R. Doc. 217. Mr. Williams was sentenced to 108 months of imprisonment and is currently serving his time at FCI Butner Medium II in Butner, North Carolina, with a projected release date of October 12, 2021. R. Doc. 248 at 1.

## II.    PENDING MOTION

On September 8, 2020, Mr. Williams filed the instant Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release and home confinement due to COVID-19 concerns. R. Doc. 246 at 1. Mr. Williams argues that he has exhausted all administrative remedies and that extraordinary and compelling circumstances warrant his release. *See id.* at 2. Mr. Williams asserts that he suffers from uncontrolled Type II diabetes. *See* R. Doc. 246-4. Mr. Williams further asserts that this medical illness puts him at high risk of severe illness or death if he were exposed to COVID-19. R. Doc. 246 at 2. Mr. Williams also claims that his imprisonment at FCI Butner Medium II leaves him vulnerable to contracting COVID-19. *Id.* Mr. Williams avers the crowded conditions in the facility make following CDC recommendations such as maintaining a distance and limiting close contact very difficult. *Id.*

The Government opposes this motion, arguing that Mr. Williams has not exhausted all administrative remedies before filing by first applying for compassionate release from the BOP. R. Doc. 248 at 1. The Government asserts that Defendant did not provide documentation of his alleged May 2020 request for compassionate release, and the BOP has since confirmed that it never received a request from Mr. Williams. *Id.* at 12. Further, the Government contends that Mr.

Williams' motion would fail on the merits even if he had exhausted his administrative remedies. *Id.*

The Government argues that Mr. Williams has failed to show that he would not pose a danger to the safety of the community if released. *Id.* The Government acknowledges that Mr. Williams has demonstrated through medical evidence that he has a chronic condition that heightens his risk of severe injury or death if he were to contract COVID-19. Thus, the Government concedes that Mr. Williams' condition creates an extraordinary and compelling reason to warrant his release. *Id.* at 17. However, the Government asserts that Mr. Williams has failed to demonstrate that he does not pose a significant danger to the community. The Government argues that Mr. Williams' numerous drug convictions and his history of eluding and resisting arrest with violence "make him a danger to the community." *Id.* at 19. Lastly, the Government contends that this Court has no authority to direct the BOP to transfer Mr. Williams to home confinement as he requests. *Id.* at 21.

### III. LAW AND ANALYSIS

Federal law allows a court to modify a term of imprisonment when a motion is made by the Director of the Bureau of Prisons or by the defendant after the defendant has exhausted his administrative remedies and the court, after considering the § 3553(a) factors, finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's relevant policy statement provides that extraordinary circumstances exist when the defendant suffers from a terminal illness or "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13. The relevant policy statement continues to plainly provide that a term of imprisonment may be reduced only upon a motion by the Director of the Bureau of Prisons upon a finding of extraordinary circumstances warranting a sentence reduction and a determination that the defendant is not a danger to the safety of any person or the community at large. U.S.S.G.

1B1.13. District courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive. *See United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019) ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A)(i)."); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019) ("[W]hen a defendant brings a motion for a sentence reduction under the amended provision, the Court can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant granting relief.").

### a. Administrative Remedies

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582. A defendant should provide evidence that his administrative remedies have been exhausted. *See United States v. Dinet*, No. CR 18-157, 2020 WL 4544482, at *2 (E.D. La. Aug. 6, 2020) ("Defendant's motion is not properly before this Court where he has not shown that he either 'fully exhausted all administrative rights' or 'the lapse of 30 days from the receipt' of a request for compassionate release by the warden of his facility.").

Mr. Williams asserts he filed the instant motion thirty days after receiving a denial from the BOP. R. Doc. 246 at 4. Mr. Williams argues he sent a formal request to the Warden of FCI Butner Medium II on May 26, 2020 which the Warden denied on June 10, 2020. *Id.* However, Mr. Williams has not demonstrated with documentation that he has complied with this requirement, and the BOP asserts it has no record of Mr. Williams's request to the Warden. The Court concludes

that Mr. Williams has therefore not exhausted his administrative remedies, so the Court will not analyze the remaining compassionate release requirements at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Mr. Williams's motion is deficient and encourages Mr. Williams to refile after he has exhausted his administrative remedies. Accordingly,

**IT IS HEREBY ORDERED** that James Rudolph Williams' Motion to Reduce Sentence, R. Doc. 246, is **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 8th day of December 2020.

                                                                Eldon E. Fallon
                                            United States District Judge